IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC LEE ADAMS, JR., ) | |
| ) | |
| Plaintiff ) | Civil Action File No. |
| ) | 1:25-cv-0331-JPB-CCB |
| vs. ) | |
| ) | |
| PHILLIPS & COHEN ASSOCIATES, LTD,) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW, Defendant, Phillips & Cohen Associates, LTD ("PCA") and respectfully files its reply to Plaintiff's Response in Opposition to Defendant's Motion to Dismiss.

### I.   At The Motion To Dismiss Stage PCA Was Not Required To Prove A Permissible Purpose.

PCA argued that Adams failed to state a claim because his Complaint does not address all the permissible purposes in 15 U.S.C. § 1681b.  Adams in no way addresses that argument.  Instead, Adams argued that the Complaint alleges that PCA failed to prove that it had a permissible purpose even though he requested such evidence. Doc. 6, pg. 4.  This argument fails because a motion to dismiss tests the sufficiency of the allegations, not the evidence,

PCA's Motion sought dismissal because the Complaint failed to allege sufficient factual allegations regarding a permissible purpose and because he alleged a permissible purpose – debt collection.  Adams contends that at the motion to dismiss stage PCA was required to come forward with evidence proving its permissible purpose.  Doc. 6, pg. 4.  He cites "*Bersaw v. Northland Group, Inc.,* No. 2:16-cv-00126, 2016 WL 3402547, at *4 (D.N.H. Mar. 11, 2015)" in support.  The undersigned counsel is unable to locate any such case based on that citation.  The undersigned did find the following case: *Bersaw v. Northland Grp., Inc*., No. 14-cv-128-JL, 2015 WL 1097402 (D.N.H. Mar. 11, 2015). That case was decided at summary judgment and did not state that at the motion to dismiss stage the defendant was required to prove with evidence that it had a permissible purpose.  This court has held that at the motion to dismiss stage, an argument that a party failed to produce evidence is inappropriate.  *Vitamins Online, Inc., v. Dynamic Indus. LLC,* 1:14-CV-1366-LMM, 2015 U.S. Dist. LEXIS 180368, 11-12 (N.D. Ga. May 6, 2015).

## II. Adams Does Not Provide Any Legal Authority Regarding PCA's Debt Collection Argument And His Attempt To Distinguish PCA's Cases Fail.

PCA argued that Adams claim fails because he alleged that PCA is a "debt collection agency" and debt collection is a permissible purpose under the FCRA.  In response, Adams argued, without any legal support, that PCA being a debt

collector doesn't automatically provide a permissible purpose. Instead of providing any legal support for this argument, Adams attempts to distinguish PCA's cases.

First, in *Catholic v. AFNI, Inc.*, 1:23-cv-2728-LMM-CMS, 2023 U.S. Dist. LEXIS 168412, 5 (N.D. Ga. Sept. 21, 2023); adopted by *Catholic v. AFNI, Inc.*, 1:23-cv-2728-LMM, 2023 U.S. Dist. LEXIS 189851 (N.D. Ga. Oct. 12, 2023), the Court recognized that debt collection is a permissible purpose:

> But federal law sets out numerous authorized purposes for obtaining a credit report, even where there is no direct business connection between the person getting the report and the consumer. One such specifically authorized purpose is debt collection.

*Id*. at 6.  Adams argued that that case "states that a debt collector must still demonstrate a legitimate connection to a debt before claiming a permissible purpose." Doc. 6, pg. 5.  *Catholic* does not so state. At most, the Court included a footnote stating that at a motion to dismiss, it is bound by the allegations in the complaint.  *Catholic*, 2023 U.S Dist. LEXIS at 8, fn. 1.  Ultimately, the case was dismissed because the plaintiff failed to address all the permissible purposes.  *Id*., at 7.  As PCA argued, Adams complaint also suffers from the same deficiency.

Next, Adams contends that *Sonnier v. Receivable Mgmt. Group*, 1:19-cv-05059-CAP-RDC, 2020 U.S. Dist. LEXIS 254741, 13 (N.D. Ga. Aug. 12, 2020); adopted by *Sonnier v. Receivable Mgmt. Group*, 1:19-cv-05059-CAP, 2020 U.S. Dist. LEXIS 254838 (N.D. Ga. Sep. 3, 2020) is distinguishable because the *Sonnier* plaintiff did not dispute the existence of an account when he does dispute

the existence of an account. Doc. 6, pg. 6. Adams does not provide any legal support for this argument, nor did he explain why the difference would have any legal significance. It does not have any legal significance. In *Danehy v. Jaffe & Asher, LLP,* 5:14-CV-60-FL, 2015 U.S. Dist. LEXIS 32579 (E.D. N.C. Mar. 17, 2015, the plaintiff argued that he never owned the account, therefore, it was an impermissible for the debt collector to pull his credit. The court rejected that argument stating:

> In addition, despite plaintiff's protestations that he never owned such account that fact, even if true, is immaterial. As the foregoing discussion notes, the relevant inquiry under § 1681b(f)(1) is whether the party requesting the consumer report had reason to believe it was being used in connection with the collection of an account.

*Id*., at 13-14. Although Adams alleged that the account was not his, as both *Sonnier* and *Danehy* indicate, that does not affect the determination on whether a debt collector has a permissible purpose.

Lastly, Adams argues that PCA cites P*hillips v. Grendahl*, 312 F.3d 357 (7th Cir. 2002) to "suggest they had a valid reason to access Plaintiff's report." Doc. 6, pg. 6. PCA included Phillips as a persuasive decision as an example of courts recognizing that that debt collection is a permissible purpose.

## Conclusion

Adams' Complaint fails to state a claim for PCA obtaining a copy of his credit report without a permissible purpose. First, Adams only addresses some, not

all, of the statutory permissible purposes. Such is fatal to his claim. Second, Adams alleges that PCA is a debt collector engaged in debt collection activity. Debt collection is a permissible purpose; therefore, his permissible purpose claim fails. Third, Adams relies on conclusory allegations that are insufficient to state a claim.

For these reasons, PCA respectfully requests that this Motion be granted in its entirety and that Adams' Complaint be dismissed with prejudice.

### Font Certification

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this brief has been prepared using Times New Roman 14-point font.

Respectfully submitted this 24th day of March 2025.

        **BEDARD LAW GROUP, P.C.**

        /s/ Jonathan K. Aust
        Jonathan K. Aust
        Georgia Bar No. 448584
        John H. Bedard, Jr.
        Georgia Bar No. 043473
        *Counsel for Defendant*

4855 River Green Parkway
Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jaust@bedardlawgroup.com
jbedard@bedardlawgroup.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ERIC LEE ADAMS, JR., ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> PHILLIPS & COHEN ASSOCIATES, LTD, ) <br> ) <br> Defendants. ) <br> ) | Civil Action File No. <br> 1:25-cv-0331-JPB-CCB |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed Defendant's Brief in Support of its Motion to Dismiss with the Clerk using the CM/ECF system and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Eric Lee Adams, Jr.
1650 Andeson Mill Rd.
Apt. 14204
Austell, Georgia 30106

Respectfully submitted this 24th day of March 2025.

                                        **BEDARD LAW GROUP, P.C.**

                                        /s/JonathanK.Aust
                                        Jonathan K. Aust
                                        Georgia Bar No. 448584
                                        John H. Bedard, Jr. Georgia
                                        Bar No. 043473
                                        *Counsel for Defendant*