**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIC LEE ADAMS, JR., | ) | |
| | ) | |
| Plaintiff | ) | Civil Action File No. |
| | ) | 1:25-cv-0331-JPB-CCB |
| vs. | ) | |
| | ) | |
| PHILLIPS & COHEN ASSOCIATES, LTD,) | | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S PRELIMINARY REPORT AND DISCOVERY SCHEDULE

COMES NOW, Defendant Phillips & Cohen Associates, LTD, and files its

Preliminary Report and Discovery Schedule.  Pursuant to LR 16.2, Defendants

files this separate statement because plaintiff is proceeding pro se.

1.      **Description of Case:**

**(a) Describe briefly the nature of this action.**

 Plaintiff contends that Defendant violated the Fair Credit Reporting Act

("FCRA"),  15 U.S.C. § 1681 et seq., by obtaining his consumer report without a

permissible purpose. Defendant denies that it violated the FCRA.

 **(b) Summarize, in the space provided below, the facts of this case.  The**

**summary should not be argumentative nor recite evidence.**

Plaintiff had a credit card with Capital One. Plaintiff failed to pay for all charges made on that credit card. Defendant was attempting to collect the debt related to Plaintiff's Capital One credit card.

**(c) The legal issues to be tried are as follows:**

- Whether Defendant violated the FCRA;

- Whether Defendant had a permissible purpose for obtaining Plaintiff's consumer report;

- Whether Defendant impermissibly obtained Plaintiff's consumer report;

- Whether Plaintiff has been damaged;

- Whether Defendant was the cause of any of Plaintiff's damage;

- Whether the Plaintiff is entitled to actual damages pursuant to the FCRA;

- The amount, if any, of actual damages to be awarded to the Plaintiff;

- Whether the Plaintiff is entitled to statutory damages pursuant to the FCRA;

- The amount, if any, of statutory damages to be awarded to the Plaintiff;

- Whether Defendant is entitled to its defenses.

**(d) The cases listed below (include both style and action number) are:**

**(1) Pending Related Cases:**

None.

**(2) Previously Adjudicated Related Cases:**

None.

2.    **This case is complex because it possesses one (1) or more of the features**

**listed below (please check):**

This case is not complex.

   \_\_\_ **(1) Unusually large number of parties**

   \_\_\_ **(2) Unusually large number of claims or defenses**

   \_\_\_ **(3) Factual issues are exceptionally complex**

   \_\_\_ **(4) Greater than normal volume of evidence**

   \_\_\_ **(5) Extended discovery period is needed**

   \_\_\_ **(6) Problems locating or preserving evidence**

   \_\_\_ **(7) Pending parallel investigations or action by the government**

   \_\_\_ **(8) Multiple use of experts**

   \_\_\_ **(9) Need for discovery outside United States boundaries**

   \_\_\_ **(10) Existence of highly technical issues and proof**

3.    **Counsel:**

**The following individually-named attorneys are hereby designated as**

**lead counsel for the parties:**

Pro Se Plaintiff:        Eric Lee Adams Jr.
1650 Anderson Mill Rd.
Apt. 14204
Austell, Georgia 30106


Defendants:        Jonathan K. Aust
Bedard Law Group, P.C.

4855 River Green Parkway
Suite 310
Duluth, Georgia 3009
Phone: (678) 253-1871
jaust@bedardlawgroup.com

**4.    Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**__X_Yes  _____  No.**

**If "yes," please attach a statement, not to exceed one (1) page,**

**explaining the jurisdictional objection.  When there are multiple claims,**

**identify and discuss separately the claim(s) on which the objection is based.**

**Each objection should be supported by authority.**

Defendant contends that Plaintiff lacks standing to bring the claims asserted in his

Complaint based on *Spokeo, Inc. v. Robins.,* 136 S. Ct. 1540 (2016); *Trichell v.*

*Midland Credit Mgmt.,* 964 F. 3d 990 (11th Cir. 2020); *Hunstein v. Preferred*

*Collection & Mgmt. Servs*., 2022 U.S. App. LEXIS 25233 (11th Cir. Sept. 8, 2022).

**5.    Parties to This Action:**

**(a) The following persons are necessary parties who have not been**

**joined:** None.

**(b) The following persons are improperly joined as parties:** None.

(c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None.

(d) **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6. **Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

(a) **List separately any amendments to the pleadings which the parties anticipate will be necessary:** Defendant anticipates filing an Amended Answer. Plaintiff believes that at the end of discovery he may seek leave to amend complaint.

(b) **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

7. **Filing Times For Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later.  Local Rule 7.1A(2).**

**(a) *Motions to Compel:*  before the close of discovery or within the extension period allowed in some instances.  Local Rules 37.1.**

**(b) *Summary Judgment Motions:*  within twenty (20) days after the close of discovery, unless otherwise permitted by Court order.  Local Rule 56.1.**

**(c) *Other Limited Motions:*  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d) *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.**

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects to that initial disclosures are not appropriate, state the party and basis for the party's objection.**

Defendant has filed its initial disclosures. Plaintiff anticipates filing his initial disclosures by September 19, 2025.

9.    **Request for Scheduling Conference:**

**Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

Not at this time.

10.    **Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Defendant anticipates seeking discovery regarding Plaintiff's claims and alleged damages.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:** Not currently.

**11.   Discovery Limitations**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

**X** **Yes**       **_____ No**

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, data limitations, or key witnesses) as follows:** Discussions are on-going.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:** Discussions are on-going.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12.    Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?

Defendant asserts the need for a protective order to be entered by the Court to protect against public disclosure of certain confidential and proprietary information which the Defendant anticipates will be requested by the Plaintiff in discovery.

13.    Settlement Potential:

(a)  Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 15, 2025 via telephone, and that they participated in settlement discussions.

For Defendant:    s/ Jonathan K. Aust
                  Jonathan K. Aust

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.

(_____) A possibility of settlement after discovery.

(_____) **A possibility of settlement, but a conference with the judge is needed.**

(_____) **No possibility of settlement.**

**(c) Counsel (_____) do or (_X___) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is to be determined.**

**(d) The following specific problems have created a hindrance to settlement of this case.**

None.

14.   **Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court**

**(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this Court.**

Dated: September 25, 2025.

**BEDARD LAW GROUP, P.C.**

By:    /s/ Jonathan K. Aust
       Jonathan K. Aust
       Georgia Bar No. 448584
       4855 River Green Parkway
       Suite 310
       Duluth, Georgia 30096
       Telephone:  (678) 253-1871
       jaust@bedardlawgroup.com
       *Attorney for Defendant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ERIC LEE ADAMS, JR., | ) | |
| | ) | |
| Plaintiff | ) | Civil Action File No. |
| | ) | 1:25-cv-0331-JPB-CCB |
| vs. | ) | |
| | ) | |
| PHILLIPS & COHEN ASSOCIATES, LTD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**\* \* \* \* \***

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and

Discovery Schedule, the Court orders that the time limits for adding parties,

amending the pleadings, filing motions, completing discovery, and discussing

settlement are as stated in the above completed form, except as herein modified:

**IT IS SO ORDERED, this _____ day of _____, 2025.**

_____
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIC LEE ADAMS, JR., | ) | |
| | ) | |
| Plaintiff | ) | Civil Action File No. |
| | ) | 1:25-cv-0331-JPB-CCB |
| vs. | ) | |
| | ) | |
| PHILLIPS & COHEN ASSOCIATES, LTD,) | | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed Defendant's Preliminary Report and Discovery Plan with the Clerk using the CM/ECF system and by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

Eric Lee Adams, Jr.
1650 Anderson Mill Rd.
Apt. 14204
Austell, Georgia 30106

Respectfully submitted this 15th day of September 2025.

**BEDARD LAW GROUP, P.C.**

/s/JonathanK.Aust
Jonathan K. Aust
Georgia Bar No. 448584
John H. Bedard, Jr. Georgia
Bar No. 043473
*Counsel for Defendant*