FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 02 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT

### Northern District of Georgia

Eric Lee Adams Jr.,                    )
                                       )
    Plaintiff,     )
                                       )
v.                                     )    **CASE NO: 1:25-cv-00331-JPB-CCB**
                                       )
                                       )
Phillips & Cohen Associates, LTD       )
                                       )
    Defendant.     )
_____      )

## PLAINTIFF'S PRELIMINARY REPORT AND DISCOVERY PLAN

COMES NOW, Plaintiff Eric Lee Adams, Jr., proceeding pro se, and files this Preliminary Report and Discovery Plan. Pursuant to LR 16.2, Plaintiff files this separate statement because Plaintiff is proceeding pro se.

1. **Description of Case:**

    (a) **Describe briefly the nature of this action.**

Plaintiff contends that Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Georgia Fair Business Practices Act by obtaining Plaintiff's consumer report without a permissible purpose and without any prior business relationship or communication with Plaintiff.

1

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff discovered through his LexisNexis credit monitoring that Defendant had accessed his credit report four times on September 26, 2023, without any prior contact, communication, or business relationship. Plaintiff had never heard of Defendant prior to discovering the unauthorized credit report access. Defendant never sent any collection letters or attempted any collection activities regarding any alleged debt.

**(c) The legal issues to be tried are as follows:**

- Whether Defendant violated the FCRA by accessing Plaintiff's credit report without permissible purpose;

- Whether Defendant had any legitimate business relationship with Plaintiff justifying credit report access;

- Whether Defendant's credit report access constituted willful violation of the FCRA;

- Whether Plaintiff suffered actual damages from Defendant's unauthorized credit report access;

- Whether Plaintiff is entitled to statutory damages under 15 U.S.C. § 1681n;

- Whether Plaintiff is entitled to actual damages under 15 U.S.C. § 1681o;

- Whether Defendant violated the Georgia Fair Business Practices Act;

- The amount of damages to be awarded to Plaintiff.

**2. The cases listed below (include both style and action number) are:**

(1) **Pending Related Cases:** None.

2

(2) **Previously Adjudicated Related Cases:** None.

(3) **Case Complexity:**

This case is **not complex** because it involves straightforward FCRA claims regarding unauthorized credit report access.

## 3. Counsel:

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Pro Se Plaintiff:** Eric Lee Adams Jr.

1650 Anderson Mill Rd.

Apt. 14204

Austell, Georgia 30106

Phone: 404-580-2820

Email: ericadams452@gmail.com

**Defendant:** Jonathan K. Aust

Bedard Law Group, P.C.

4855 River Green Parkway

Suite 310

Duluth, Georgia 30096

Phone: (678) 253-1871

jaust@bedardlawgroup.com

## 4. Jurisdiction:

Is there any question regarding this Court's jurisdiction?

\_\_\_\_\_ **Yes X No.**

Plaintiff believes this Court has proper federal question jurisdiction under 15 U.S.C. § 1681p and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367. Plaintiff disputes Defendant's standing challenges and believes Plaintiff has suffered concrete injury sufficient for Article III standing.

## 5. Parties to This Action:

(a) **The following persons are necessary parties who have not been joined:** None.

(b) **The following persons are improperly joined as parties:** None.

(c) **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:** None.

(d) **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

Plaintiff does not anticipate needing to amend the Complaint at this time. Defendant has indicated they anticipate filing an Amended Answer.

**(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).

  (a) **Motions to Compel:** before the close of discovery or within the extension period allowed in some instances. Local Rules 37.1.

  (b) **Summary Judgment Motions:** within twenty (20) days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

  (c) **Other Limited Motions:** Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) **Motions Objecting to Expert Testimony:** Daubert motions with regard to expert testimony no later than the date that the proposed order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

Plaintiff will serve initial disclosures by September 30, 2025. Defendant has indicated they have filed their initial disclosures.

## 9. Request for Scheduling Conference:

Does either party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Not at this time.

**10. Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Plaintiff anticipates seeking discovery regarding:

- Defendant's policies and procedures for accessing consumer credit reports
- Defendant's determination of permissible purpose for credit report access
- Defendant's business relationship (or lack thereof) with Plaintiff
- Defendant's collection activities and procedures
- Pattern evidence of Defendant's credit report access practices
- Documents evidencing Defendant's knowledge of FCRA requirements

- Training materials regarding FCRA compliance

- Internal communications regarding Plaintiff's account

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:**

Plaintiff believes the assigned four-month discovery track should be sufficient for this case.

**11. Discovery Limitations**

(a) **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.**

None at this time.

(b) **Is any party seeking discovery of electronically stored information?**

X Yes _____ No

If "yes,"

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, data limitations, or key witnesses) as follows:**

Discussions are ongoing. Plaintiff anticipates requesting electronic records regarding Defendant's credit report access policies, procedures, and records related to Plaintiff's account.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

Discussions are ongoing. Plaintiff prefers PDF format for document production.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16 (b) and (c)?

Plaintiff does not object to a reasonable protective order for legitimately confidential business information, provided it does not impede Plaintiff's ability to prosecute his claims or use relevant information in court proceedings.

**13. Settlement Potential:**

(a) **Lead counsel for Plaintiff and Defendant certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 15, 2025 via telephone, and that they participated in settlement discussions.**

**For Plaintiff:** Eric Lee Adams, Jr., Pro Se

(b) **All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

( ) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

( ) A possibility of settlement, but a conference with the judge is needed.

( ) No possibility of settlement.

(c) Counsel ( X ) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined after completion of initial discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

Defendant's stated refusal to engage in meaningful settlement discussions based on their assessment of Plaintiff's damage claims, despite clear evidence of FCRA violations through unauthorized credit report access without permissible purpose or any prior business relationship with Plaintiff.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the Clerk of Court

(b) The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

**Dated:** October 2nd, 2025

Respectfully submitted,

Eric Lee Adams Jr.

1650 Anderson Mill Rd., Apt. 14204

Austell, GA 30106

404-580-2820

ericadams452@gmail.com(preferred)

*Pro Se Plaintiff*

13

## CERTIFICATE OF SERVICE

I, the undersigned, Plaintiff, do hereby certify that I have this day filed this PLAINTIFF'S

PRELIMINARY REPORT AND DISCOVERY PLAN   with the United States District Court

Northern District of Georgia Atlanta Division and served via email  a true and correct copy of the

above and foregoing   PLAINTIFF'S PRELIMINARY REPORT AND DISCOVERY PLAN to

the Defendant's counsel below:

BEDARD LAW GROUP, P.C.

4855 River Green Parkway Suite 310

Duluth, Georgia 30096

Telephone:(678)253-1871

jaust@bedardlawgroup.com

jbedard@bedardlawgroup.com

Dated this 2nd Day of October, 2025